# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY MILLER,

    Plaintiff,

    v.

ARTHREX, INC.,

    Defendant.

NO. 3:18-CV-1572

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is a Complaint filed by Plaintiff Mary Miller. (*See* Doc. 1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

### I. Background

Plaintiff commenced this action on August 8, 2018. (*See* Doc. 1). Plaintiff allege that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1) by virtue of the amount in controversy and the complete diversity of the parties. (*See id*. at ¶ 5).

Plaintiff is alleged to be "a resident of Duryea, Luzerne County, Pennsylvania." (*Id*. at ¶ 1). Defendant Arthrex, Inc. is averred to be "a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Florida." (*Id*. at ¶ 2).

### II. Discussion

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the V.I.*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiff's Complaint alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the

matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for diversity jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

The Complaint fails to adequately allege the citizenship of Plaintiff. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state in which he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

To the extent the Complaint alleges that Plaintiff is a "resident" of Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state

2

is insufficient for purposes of diversity."). To properly plead diversity, the citizenship of Plaintiff must be alleged, not merely her state of residence. As the Complaint does not contain this fact, the Court cannot determine whether subject matter jurisdiction exists.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, this matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given an opportunity to amend the Complaint to adequately allege the existence of diversity jurisdiction. Plaintiff will be granted twenty-one (21) days in which to file an amended complaint. Failure to do so will result in this action being dismissed.

An appropriate order follows.

August 22, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge